IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:21-cv-03163-MDH |
| | ) |
| MENARD, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Menard, Inc.'s ("Menard") Motion to Dismiss Plaintiff's Complaint or, in the Alternative, to Stay Proceedings Pending Arbitration. (Doc. 5). For the reasons set forth herein, the Motion is **GRANTED**. The above-captioned case is hereby stayed pending arbitration.

## BACKGROUND

Plaintiff William James is a former employee of Menard, Inc. ("Menard") (Complaint ¶ 4). On May 10, 2020, Plaintiff agreed to the terms of an Employment Manual ("Manual") which contained an arbitration agreement (Exhibit A, p. 11-12, ¶8). The arbitration agreement provides:

> …. you agree to submit your dispute(s) to final and binding arbitration. Problems, claims, or disputes subject to binding arbitration include, but are not limited to: statutory claims under 42 U.S.C. § 1981, the Age Discrimination in Employment Act (ADEA), Fair Labor Standards Act (FLSA), Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, Americans with Disabilities Act (ADA), Family Medical Leave Act (FMLA), and non-statutory claims such as contractual claims, quasi-contractual claims, tort claims, any and all causes of action arising under state laws or common law.

*Id*.

The arbitration agreement also provides, "Menard agrees that it shall submit any and all claims it may have, if any, in compliance with this section . . ." *Id*. Plaintiff now files the instant

1

matter, alleging statutory claims for violation of the Family and Medical Leave Act. Each claim asserted by Plaintiff falls within the purview of the Manual's arbitration agreement. (Exhibit A, p. 11-12. ¶8).

**STANDARD**

A party who has not agreed to arbitrate a dispute cannot be forced to do so. *AT&T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 648 (1986). The validity of an arbitration agreement is determined by reference to state law. *See Perry v. Thomas,* 482 U.S. 483, 493-94 n. 9 (1987). Because Plaintiff worked for Defendant in Missouri and resided in Missouri, Missouri law controls the validity of Defendant's arbitration agreement. Under Missouri law, the Court must engage in a three-step process, deciding: 1) whether a valid contract exists; 2) whether the specific dispute falls within the scope of the arbitration agreement; and 3) the court must then determine if the agreement is subject to revocation based upon contract principles, such as whether it is procedurally or substantively unconscionable. *Whitworth v. McBride & Son Homes, Inc.,* 344 S.W.3d 730, 736 (Mo. App. W.D. 2011), citing *Nitro Distributing, Inc. v. Dunn,* 194 S.W.3d 339, 345 (Mo. banc 2006). The court uses normal state law contract principles in deciding those issues. *Id.*

**DISCUSSION**

Plaintiff argues that the arbitration agreement at issue is not supported by valid consideration because at-will employment is not sufficient consideration to support an arbitration agreement; and that the obligation to arbitrate is limited only to claims brought by Plaintiff. There is no dispute as to whether, aside from the issue of consideration, the contract is valid.

As a preliminary matter, the Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as

exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Thus, the FAA places arbitration agreements "upon the same footing as other contracts." *Volt Information Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 474 (1989) (citation omitted). Not only does the FAA require the enforcement of arbitration agreements, but it "declare[s] a national policy favoring arbitration." *Nitro-Lift Techs., L.L.C. v. Howard*, 568 U.S. 17, 20 (2012) (quoting *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984)). In deciding a motion to compel arbitration, courts first consider whether there is a valid agreement to arbitrate between the parties. *See, e.g.*, *Sniezek v. Kan. City Chiefs Football Club*, 402 S.W.3d 580, 583 (Mo. App. 2013).

In Missouri, legal consideration is essential for the formation of any contract, including one for arbitration. *Kunzie v. Jack-In-The-Box, Inc.*, 330 S.W.3d 476 (Mo. App. E.D. 2010). Consideration is created by "either a promise (to do or refrain from doing something) or the transfer or giving up of something of value to the other party." *Morrow v. Hallmark Cards*, *Inc.*, 273 S.W.3d 15, 25 (Mo. App. W.D. 2008). The general rule in Missouri is that an employer's promise of at-will employment does not constitute consideration for an arbitration agreement purportedly executed by employer and employee, regardless of whether employment promised was future or new rather than continued, because terms and conditions of at-will employment are unilaterally imposed on at-will employees. *Jiminez v. Cintas Corp.*, 475 S.W.3d 679 (Mo. App. E.D. 2015); *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770 (Mo. banc 2014). *See also Frye v. Speedway Chevrolet Cadillac*, 321 S.W.3d 429, 434-35 (Mo. App. W.D. 2010) (finding no consideration where the agreement "does not alter the fundamental component of the at-will employment relationship— the ability to quit or be fired at any time for any reason."); *Clemmons v. Kansas City Chiefs Football Club, Inc.*, 397 S.W.3d 503, 507 (Mo. App. W.D. 2013) (holding of continued at-will employment did not constitute consideration for the arbitration agreement.).

Nevertheless, the parties' mutual promise to arbitrate constitutes sufficient consideration if that promise was binding upon both sides. *See Colton v. Hibbett Sporting Goods, Inc.,* No. 2:16-CV-04002-NKL, 2016 WL 3248578, at *3 (W.D. Mo. June 13, 2016) (citing *Baker v. Bristol Care, Inc.*, 450 S.W.3d 770 (Mo. banc 2014)).

Page 11 of the Employment Manual contains a promise by Plaintiff, and a promise by Menard to submit their claims in arbitration (Exhibit A p. 13 ¶8). More specifically, Plaintiff agreed that that if, "you [Plaintiff] are no longer employed by Menards you [Plaintiff] agree to submit your dispute(s) to final and binding arbitration." *Id*. Conversely, that same paragraph states "Menards agrees that it shall submit any and all claims it may have, if any, in compliance with this section, except as provided in paragraph 8 of this Manual." *Id*. Menard's agreement to submit its claims in accordance with Paragraph 8 is in effect an agreement to arbitrate any claims it has against Plaintiff. Further, Paragraph 8 contains no language through which Menard reserves for itself the right to file claims in any other forum *Id*. Accordingly, the Parties promised each other that they would file their claims in arbitration, which creates a bilateral contract, supported by such valid consideration in the form of their exchanged promises.

As noted in the language of the arbitration agreement, noted above, it is entirely clear that the agreement is not limited only to claims that an employee may bring against Menard. Claims subject to arbitration include any and all causes of action arising under state laws or common law, which applies to claims that may be contemplated by Menard.

## CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 5) is **GRANTED**. The above-captioned matter is hereby stayed pending the arbitration of Plaintiff's claims.

**IT IS SO ORDERED.**

Dated: September 9, 2021                                        _/s/ Douglas Harpool_
                                                                                     **DOUGLAS HARPOOL**
                                                                                     **United States District Judge**